








RXC

3:02-CV-806 KNIGHT MAINTENANCE V. PACIFIC GENERAL INC

*1*

*CMP.*

GEORGE & SHIELDS, LLP
Timothy F. Shields (Ca State Bar #122079)
David W. Sparks (Ca State Bar #167210)
30 Corporate Park, Suite 300
Irvine, CA 92606-5133
(949) 263-1085

Attorneys for Plaintiff Knight Maintenance, Inc. dba Air Metrx

FILED
02 APR 26 AM 10: 16
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, For the Use of KNIGHT MAINTENANCE, INC. dba AIR METRX, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC GENERAL, INC., a California corporation; INTERCARGO INSURANCE COMPANY, an Illinois corporation; XL SPECIALTY INSURANCE COMPANY, a business entity, form unknown and DOES 1 through 10,<br><br>Defendants. | Civil Action File No. '02 CV 0806 J (AJB)<br><br>**COMMPLAINT ON MILLER ACT BOND AND FOR BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

///

-1-

Complaint

Use Plaintiff, **KNIGHT MAINTENANCE, INC. dba AIR METRX, alleges:**

### JURISDICTION

1. Jurisdiction and venue for this action properly lies in this court because this matter pertains to collection on a Miller Act Bond for which this Court has exclusive jurisdiction pursuant to 40 U.S.C. 270b(b), on a public work project in the State of California, which lies within the judicial district of this the Federal Southern District for California.

### GENERAL ALLEGATIONS

2. Use Plaintiff Knight Maintenance, Inc. dba Air Metrx ("Air Metrx") is, and at all times herein mentioned was, a duly existing corporation organized under, and by virtue of, the laws of the State of California. At all times herein mentioned, Plaintiff has been licensed to conduct business in the State of California. At all times herein mentioned, Plaintiff was a contractor duly licensed by the Contractor's State License Board of the State of California.

3. Plaintiff is informed and believes and thereon alleges Defendant PACIFIC GENERAL, INC. ("PGI"), is a California corporation and at all times herein mentioned has actively conducted business in the State of California. Plaintiff is further informed and believes and thereon alleges PGI's principal place of business is Orange County, California. Plaintiff is further informed and believes that PGI is a contractor duly licensed by the Contractor's State License Board of the State of California.

4. Plaintiff is informed and believes and thereon alleges Defendant INTERCARGO INSURANCE COMPANY ("Intercargo"), is an Illinois corporation, actively doing business as a surety upon bonds or undertakings in the State of California.

-2-

Complaint

5.   Plaintiff is informed and believes and thereon alleges Defendant XL SPECIALTY INSURANCE COMPANY ("XLS"), is a business entity, form unknown, actively doing business as a surety upon bonds or undertakings in the State of California.

6.   The true names and capacities, whether individual, associate, corporate, or otherwise, of those defendants named herein as DOES 1 through 10, inclusive, are presently unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to reflect these defendants' true names and capacities when the same has been ascertained. Plaintiff is informed and believes and thereon alleges each defendant, including the fictitiously named defendants is, and at all times herein mentioned was, the agent, servant or employee of each remaining defendant and, in doing the things herein alleged, was acting within the course or scope of one or more of the aforementioned relationships. Each allegation herein asserted against any specifically named defendant is hereby incorporated and alleged against each fictitiously named defendant. Plaintiff is further informed and believes and thereon alleges Does 1 through 5 are unknown business entities actively doing business as a surety upon bonds or undertakings in the State of California. "Doe" defendants are proper in this action in that federal jurisdiction is based on a federal question and the defendants' real names are not known or ascertainable.

///
///
///
///
///
///
///
///

**CLAIMS ARISING FROM NON PAYMENT ON FISC 3RD FLOOR RENOVATION IN SAN DIEGO, CALIFORNIA**

FIRST COUNT

**(Against Defendant PGI**

**for Breach of Contract)**

7.  Plaintiff realleges each of the General Allegations.

8.  About February 2001, Plaintiff entered into an oral and written agreement with Defendant PGI. Under the terms of this agreement, Plaintiff was required to design, furnish, and provide certain mechanical equipment, HVAC materials, equipment and labor to be used in the construction of the FISC 3rd Floor Renovation at the FISC Building, North Wing, Broadway U.S.Navy Complex, San Diego, California.

9.  Plaintiff completed all work, labor and services to be performed by it pursuant to the agreement with Defendant PGI. Any work, labor and services remaining to be performed were excused by PGI's breaches of contract including, but not limited to, failure to pay amounts outstanding and failure to comply with the Federal Prompt Payment Act at 31 U.S.C. Section 3905.

10. Defendant breached the agreement on several grounds including, but not limited to, nonpayment. Specifically, the sum of $31,250 remains unpaid despite Plaintiff's demand for payment. Furthermore, Plaintiff is informed and believes and thereon alleges Defendants failed to comply with the Federal Prompt Payment Act at 31 U.S.C. Section 3905.

11. As a direct and foreseeable result of Defendant PGI's breach of the agreement, Plaintiff has been generally damaged in an amount not less than $31,250. Moreover, Plaintiff has been specially damaged in an amount not presently known with certainty. Plaintiff will amend this complaint to reflect the

///

nature and amount of these special damages when ascertained, or to conform to proof at trial.

## SECOND COUNT

### (Against Defendant PGI for Money Had and Received)

12. Plaintiff realleges the General Allegations and the First Count.

13. Within the last four years in the County of San Diego, California, Defendants became indebted to Plaintiff in the sum of $31,250, for money had and received by Defendants for the use and benefit of Plaintiff.

14. Although demand therefor has been made, neither the whole sum, nor any part thereof has been paid and the sum of $31,250 is now due, owing, and unpaid from Defendants to Plaintiff along with interest from the date of such indebtedness to the date of judgment herein.

## THIRD COUNT

### (Against Defendant PGI For Account Stated)

15. Plaintiff realleges the General Allegations and the First Count.

16. Within the last four years at the County of San Diego, California, an account was stated in writing by and between Plaintiff and Defendants wherein and whereby it was agreed that Defendants were indebted to Plaintiff in the sum of $31,250.

17. Although demand therefor has been made, neither the whole sum, nor any part thereof has been paid and the sum of $31,250 is now due, owing, and unpaid from Defendants to Plaintiff along with interest from the date of such indebtedness to the date of judgment herein.

///

FOURTH COUNT

**(Against Defendant PGI**
**For Quantum Meruit)**

18. Plaintiff realleges the General Allegations and the First Count.

19. As a licensed contractor and at Defendants' special request, and based upon Defendants' promise to pay the reasonable value thereof, Plaintiff performed work and labor and furnished certain building materials to Defendants for the construction of permanent improvements at the FISC 3rd Floor Renovation in San Diego, California, as specifically requested by defendants.

20. Such labor was performed and such materials were furnished to be used, and were actually used, in the construction of permanent improvements on the Property.

21. The balance due for the reasonable worth and value of these materials and labor is $31,250.

22. Although demand therefor has been made, neither the whole sum, nor any part thereof has been paid and the sum of $31,250 is now due, owing, and unpaid from Defendants to Plaintiff along with interest from the date of such indebtedness to the date of judgment herein.

FIFTH COUNT

**(Against Defendant Doe 1 on Miller Act**
**Labor and Material Payment Bond)**

23. Plaintiff realleges the General Allegations and the First Count.

24. PGI was awarded a contract by the United States of America, for the construction project known as the FISC 3rd Floor Renovation in San Diego, California.

25. Plaintiff is informed and believes and thereon alleges Defendant PGI, as principal, and Defendant Doe 1, as surety, executed and delivered a

-6-

Complaint

certain Payment Bond guaranteeing the payment to all persons supplying labor and material in the prosecution of the work provided for at the FISC 3rd Floor Renovation in San Diego, California and any and all duly authorized modifications thereof, which said bond was executed and delivered as aforesaid in accordance with the provisions of an act of the Legislature of the United States of America, dated August 24, 1935, 49 Stat. 793, as amended (40 U.S.C. §§270a-270e).

26. During the course of the performance and prosecution of said public work, and under and by virtue of said contract between said Defendant PGI and the United States of America, Plaintiff was required to design, furnish, and provide certain mechanical equipment, HVAC materials, equipment and labor to be used in the construction of the FISC 3rd Floor Renovation in San Diego, California pursuant to Plaintiff's agreement with Defendant PGI.

27. The work, labor, materials and service furnished by Plaintiff to Defendant PGI were provided and utilized for the intended purpose of improving the public work known as the FISC 3rd Floor Renovation in San Diego, California and at all times herein mentioned were reasonably worth the sum of $31,250 after deducting all just credits and offsets, and neither the whole nor part of that sum has been paid despite Plaintiff's demand therefor.

28. Ninety days have elapsed since the last labor and materials were provided by Plaintiff. Although demand for full payment has been made, Defendants PGI and Doe 1 have failed and refused to pay that sum or any part thereof, and the same is now due, owing and unpaid from said Defendants to Plaintiff.

29. By reason of these Defendants' refusal to pay sums properly due to Plaintiff, Plaintiff has employed attorneys to institute this action. Accordingly, Plaintiff is entitled to attorneys fees in an amount to be determined by the Court as reasonable.

**CLAIMS ARISING FROM NON PAYMENT ON EL CENTRO BORDER PATROL STATION IN IMPERIAL COUNTY**

SIXTH COUNT

**(Against Defendant PGI**
**for Breach of Contract)**

30. Plaintiff realleges each of the General Allegations.

31. About December 2000, Plaintiff entered into an oral and written agreement with Defendant PGI. Under the terms of this agreement, Plaintiff was required to design, furnish, and provide certain mechanical equipment, HVAC materials, equipment and labor to be used in the construction of the El Centro Border Patrol Station at 211 Aten Road, City of Imperial, Imperial County, State of California.

32. Plaintiff completed all work, labor and services to be performed by it pursuant to the agreement with Defendant PGI. Any work, labor and services remaining to be performed were excused by PGI's breaches of contract including, but not limited to, failure to pay amounts outstanding and failure to comply with the Federal Prompt Payment Act at 31 U.S.C. Section 3905.

33. Defendant breached the agreement on several grounds including, but not limited to, nonpayment. Specifically, the sum of $33,019 remains unpaid despite Plaintiff's demand for payment. Furthermore, Plaintiff is informed and believes and thereon alleges Defendants failed to comply with the Federal Prompt Payment Act at 31 U.S.C. Section 3905.

34. As a direct and foreseeable result of Defendant PGI's breach of the agreement, Plaintiff has been generally damaged in an amount not less than $33,019. Moreover, Plaintiff has been specially damaged in an amount not presently known with certainty. Plaintiff will amend this complaint to reflect the

///

nature and amount of these special damages when ascertained, or to conform to proof at trial.

### SEVENTH COUNT

**(Against Defendant PGI for Money Had and Received)**

35. Plaintiff realleges the General Allegations and the Sixth Count.

36. Within the last four years in the County of Imperial, California, Defendants became indebted to Plaintiff in the sum of $33,019, for money had and received by Defendants for the use and benefit of Plaintiff.

37. Although demand therefor has been made, neither the whole sum, nor any part thereof has been paid and the sum of $33,019 is now due, owing, and unpaid from Defendants to Plaintiff along with interest from the date of such indebtedness to the date of judgment herein.

### EIGHTH COUNT

**(Against Defendant PGI For Account Stated)**

38. Plaintiff realleges the General Allegations and the Sixth Count.

39. Within the last four years at the County of Imperial, California, an account was stated in writing by and between Plaintiff and Defendants wherein and whereby it was agreed that Defendants were indebted to Plaintiff in the sum of $33,019.

40. Although demand therefor has been made, neither the whole sum, nor any part thereof has been paid and the sum of $33,019 is now due, owing, and unpaid from Defendants to Plaintiff along with interest from the date of such indebtedness to the date of judgment herein.

///

## NINTH COUNT

**(Against Defendant PGI**

**For Quantum Meruit)**

41. Plaintiff realleges the General Allegations and the Sixth Count.

42. As a licensed contractor and at Defendants' special request, and based upon Defendants' promise to pay the reasonable value thereof, Plaintiff performed work and labor and furnished certain building materials to Defendants for the construction of permanent improvements at the El Centro Border Patrol Station in Imperial County, as specifically requested by defendants.

43. Such labor was performed and such materials were furnished to be used, and were actually used, in the construction of permanent improvements on the Property.

44. The balance due for the reasonable worth and value of these materials and labor is $33,019.

45. Although demand therefor has been made, neither the whole sum, nor any part thereof has been paid and the sum of $33,019 is now due, owing, and unpaid from Defendants to Plaintiff along with interest from the date of such indebtedness to the date of judgment herein.

## TENTH COUNT

**(Against Defendants Intercargo and XLS**

**on Miller Act Labor and Material**

**Payment Bond)**

46. Plaintiff realleges the General Allegations and the Sixth Count.

47. PGI was awarded a contract by the United States of America, for the construction project known as the El Centro Border Patrol Station in Imperial County.

///

48. Plaintiff is informed and believes and thereon alleges Defendant PGI, as principal, and Defendants Intercargo and XLS, as surety, executed and delivered a certain Payment Bond guaranteeing the payment to all persons supplying labor and material in the prosecution of the work provided for at the El Centro Border Patrol Station in Imperial County and any and all duly authorized modifications thereof, which said bond was executed and delivered as aforesaid in accordance with the provisions of an act of the Legislature of the United States of America, dated August 24, 1935, 49 Stat. 793, as amended (40 U.S.C. §§270a-270e).

49. During the course of the performance and prosecution of said public work, and under and by virtue of said contract between said defendant PGI and the United States of America, Plaintiff was required to design, furnish, and provide certain mechanical equipment, HVAC materials, equipment and labor to be used in the construction of the El Centro Border Patrol Station in Imperial County pursuant to Plaintiff's agreement with Defendant PGI.

50. The work, labor, materials and service furnished by Plaintiff to Defendant PGI were provided and utilized for the intended purpose of improving the public work known as the El Centro Border Patrol Station in Imperial County and at all times herein mentioned were reasonably worth the sum of $33,019 after deducting all just credits and offsets, and neither the whole nor part of that sum has been paid despite Plaintiff's demand therefor.

51. Ninety days have elapsed since the last labor and materials were provided by Plaintiff. Although demand for full payment has been made, Defendants PGI, Intercargo Insurance Company and XL Specialty Insurance Company have failed and refused to pay that sum or any part thereof, and the same is now due, owing and unpaid from said Defendants to Plaintiff.

52. By reason of these Defendants' refusal to pay sums properly due to Plaintiff, Plaintiff has employed attorneys to institute this action. Accordingly,

Plaintiff is entitled to attorneys fees in an amount to be determined by the Court as reasonable.

## ON ALL PROJECTS

### ELEVENTH COUNT

**(Against Defendant Intercargo on Contractor's License Bond)**

53. Plaintiff realleges the General Allegations and the First through Tenth Counts.

54. Plaintiff is informed and believes and thereon alleges Defendant Intercargo issued a contractor's license bond in the sum of $7,500.00 naming Defendant PGI as principal conditioned upon full compliance by Defendant PGI with all the provisions of Division 3, Chapter 9 of the Business and Professions Code and inuring to the benefit of all persons damaged as a result of or violations of said chapter of the Business and Professions Code by Defendant PGI.

55. In connection with the construction of the projects alleged above, Defendant PGI failed to comply with the aforementioned provisions of the Business and Professions Code in that said Defendant diverted funds received for payment of the subcontract with Plaintiff and/or failed to substantially account for the application or use of such funds and has refused to pay for the work, labor, materials and services provided by Plaintiff as alleged above in violation of Sections 7108 and 7120 of the Business and Professions Code. Accordingly, Plaintiff has been damaged as a result thereof and is entitled to indemnity and reimbursement under the provisions of the bond issued by Intercargo.

///

///

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

As to the first through fifth Counts:

1. For general damages in the amount of $31,250;

2. For special damages according to proof at trial;
3. For pre-judgment interest at the maximum legal rate;
4. For costs of suit herein incurred;
5. For reasonable attorneys fees wherever provided by agreement, statute, or regulation; and
6. For such other or further relief as the Court may deem just and proper.

As to the sixth through tenth Counts:

1. For general damages in the amount of $33,019;
2. For special damages according to proof at trial;
3. For pre-judgment interest at the maximum legal rate;
4. For costs of suit herein incurred;
5. For reasonable attorneys fees wherever provided by agreement, statute, or regulation; and
6. For such other or further relief as the Court may deem just and proper.

As to the eleventh Count:

1. For general damages in the amount of $7,500;
2. For special damages according to proof at trial;
3. For pre-judgment interest at the maximum legal rate;
4. For costs of suit herein incurred;

///

-13-

Complaint

5. For reasonable attorneys fees wherever provided by agreement, statute, or regulation; and

6. For such other or further relief as the Court may deem just and proper.

**GEORGE & SHIELDS LLP**

Dated: April 18, 2002

*/s/ David Sparks*

TIMOTHY F. SHIELDS
DAVID W. SPARKS
Attorneys for Plaintiffs
George & Shields, LLP
30 Corporate Park, Suite 300
Irvine, CA 92606

-14-

Complaint

## JURY DEMAND

Plaintiff hereby demands trial by jury.

**GEORGE & SHIELDS LLP**

Dated: April 18, 2002

*/s/ David Sparks*

TIMOTHY F. SHIELDS
DAVID W. SPARKS
Attorneys for Plaintiffs
George & Shields, LLP
30 Corporate Park, Suite 300
Irvine, CA 92606

-15-

Complaint

# CIVIL COVER SHEET

**I(a) PLAINTIFFS** United States of America, For the Use of Knight Maintenance, Inc. dba Air Metrx

**'02 CV 0806 J (AJB)**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** Pacific General, Inc., Intercargo Insurance Company, XL Specialty Insurance Company

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Orange
(IN U.S. PLAINTIFF CASES ONLY)

**(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**
George & Shields, LLP
Timothy F. Shields; David W. Sparks
30 Corporate Park, Suite 300
Irvine, CA 92606-5133   (949) 263-1085

**ATTORNEYS (IF KNOWN)**
Law Offices of Murray M. Helm, Jr.
Murray M. Helm.
550 W. "C" St., Suite 1150
San Diego, CA 92101   (619) 234-6744

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties In Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### V. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   **DEMAND $** 71,769.00   Check YES only if demanded in complaint:
**JURY DEMAND:** [X] YES  ☐ NO

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
40 U.S.C. 270b(b)   Collection matter on Miller Act Bond on a public works.

### VII. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| OTHER STATUTES | CONTRACT | TORTS | | FORFEITURE / PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | [X] 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung(923) |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | | | | | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Information Act | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | |
| | ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | | ☐ 555 Prison Condition | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ___ No [X] Yes

If yes, list case number(s): CV-02-849 CAS (EX)   United States District Court - Central District   Stipulation and order to dismiss as to counts 21-30

GV/71 (10/01)   CIVIL COVER SHEET - Continued on Reverse   Page 1 of 2

**FOR OFFICE USE ONLY:**  ☐ Pro Hac Vice fee:   ☐ paid   ☐ not paid
Applying IFP _____   Judge _____   Mag. Judge _____

Pd $150.00 4/26/02 #1925 VB